IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

WAYNE A. ADAMS,                  )
                                 )
               Plaintiff,        )
                                 )
     v.                          )    No.  08 C 5859
                                 )
JEFFREY ROTKVICH,                )
                                 )
               Defendant.        )

                      MEMORANDUM ORDER

     Wayne Adams ("Adams") has just filed a 42 U.S.C. §1983 ("Section 1983") action against Des Plaines police officer Jeffrey Rotkvich ("Rotkvich"), charging Rotkvich in a two-count Complaint:

    1.  Count I is captioned "42 U.S.C. §1983 Malicious Prosecution."

    2.  Count II is captioned "Civil Rights Violation Malicious Abuse of Process."

Although Adams describes himself in Complaint ¶3 as "a self-employed Attorney with an office in Des Plaines, Illinois," the Complaint suggests that he may have little familiarity with Section 1983 jurisprudence--hence the issuance of this sua sponte memorandum order.[1]

---

    [1] Although this is a minor error in terms of the viability or nonviability of Adams' lawsuit as such, Complaint ¶5 states that Adams is suing Rotkvich "in both his individual and official capacities."  As to the latter, that is the equivalent of a lawsuit against the City of Des Plaines itself--see Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  And nothing in the Complaint suggests any direct complicity on the City's part in

According to Complaint ¶¶7-12, the contact between Adams and Rotkvich that has given rise to this lawsuit took place on May 20, 2005. Although Adams may have had an arguable Fourth-Amendment-based claim based on an assertedly unlawful seizure at that time, any such claim is of course outlawed by the two-year statute of limitations that applies to Illinois-based Section 1983 actions.

That said, what Adams is obviously unaware of is that it has been well established for a number of years that the state law tort of malicious prosecution simpliciter (that is, in the absence of a still-actionable unlawful seizure claim) is not cognizable under Section 1983. Here, for example, is a relevant excerpt from Gauger v. Hendle, 349 F.3d 354, 359 (7th Cir. 2003)(emphasis added), which refers back to Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001):

> All this might seem of no moment given our recent holding in Newsome v. McCabe, supra, that malicious prosecution is not a constitutional tort unless the state provides no remedy for malicious prosecution, which is not contended. But all we held is that there is no constitutional tort of malicious prosecution as such; we reserved the question whether and in what circumstances a case such as this (which is similar to Newsome) might be actionable under the Fourth Amendment as an unreasonable seizure.

Although another aspect of Gauger (its holding as to the accrual date of federal constitutional claims that are equivalent to the

---

the actions ascribed to Rotkvich. Accordingly Complaint ¶5's reference to "official" capacity is stricken.

state law action for false arrest) has been overruled in <u>Wallace v. City of Chicago</u>, 440 F.3d 421 (7th Cir. 2006), <u>Wallace</u> is among the numerous Seventh Circuit decisions that continue to reconfirm the just-quoted principle.

As for Adams' Count II contention, the identical principle--the absence of a federal constitutional provision on which Adams can hang his Section 1983 hat--also deprives that contention of any force as a federal matter. In that respect, see such cases as our Court of Appeals' unpublished order (unpublished in the official sense) in <u>Holly v. Boudreaux</u>, 103 Fed. Appx. 36, 39, 2004 WL 1435210, at *2 (7th Cir. June 25). So that count, like Count I, fails to survive analysis.

In sum, Adams' entire claim really does not belong in this federal court.[2] Under the circumstances this Court will not follow its customary practice of setting an initial scheduling date 49 days after the filing date of the Complaint. Instead a status hearing is set for 8:45 a.m. October 30, 2008 to discuss whether any good purpose would be served by Adams' continued pursuit of this federal action.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 16, 2008

---

[2] No comment is of course made or implied here as to the viability or nonviability of any comparable claims that he might advance in the state court system.